**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KI BEOM KIM,<br><br>    Plaintiff,<br><br>v.<br><br>DYNA FLEX, LTD., et al.,<br><br>    Defendants. | Case No. 4:20-CV-01753-JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Ki Beom Kim's Motion to Remand. (Doc. 24).[1] The motion is fully briefed. For the reasons discussed below, the motion will be denied.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

As alleged in the First Amended Petition, Plaintiff developed a self-ligation apparatus to connect to a coil-spring for an orthodontic archwire (the "Invention"). (Doc. 11 at ¶¶ 12-13). In November 2015, Plaintiff contacted Defendant Ortho Solutions, LC d/b/a Dyna Flex ("Ortho Solutions"), who is in the business of manufacturing and selling orthodontic devices, with the intention that Ortho Solutions would "aid in finalizing the Invention and manufacture the product." (*Id.* at ¶¶ 16-18). The parties met in person and continued to communicate, but Plaintiff became concerned that Ortho Solutions was not sufficiently progressing on development of the Invention. (*Id.* at ¶¶ 20-24). As it turned out, Ortho Solutions had filed a patent application allegedly relating to the Invention in October 2016 (the "'001 Patent"). (*Id.* at ¶ 23). After learning of the '001 Patent,

---

[1] Currently pending before the Court are also Defendants' Motion to Dismiss (Doc. 17) and Motion to Strike. (Doc. 19). Plaintiff essentially concedes that the motions should be granted if this Court denies the Motion to Remand. (Docs. 26-27).

1

Plaintiff continued assisting Ortho Solutions with improvements with the apparent understanding that he would eventually be included in the patent documents. (*Id.* at ¶¶ 25-26). In March 2018, Defendants filed another patent application allegedly relating to the Invention, which was issued in October 2019 (the "'219 Patent," collectively with the '001 Patent, the "Patents"). (*Id.* at ¶ 27).

Plaintiff filed suit against Defendant Dyna Flex, Ltd. in Missouri state court on February 14, 2020. (Doc. 1-1). Plaintiff claimed that Dyna Flex, Ltd. misappropriated his Invention, and his petition included counts of fraud (Count I) and unjust enrichment (Count II). Plaintiff subsequently amended his petition to add Defendants Ortho Solutions and DynaFlex (the registered fictitious name of Ortho Solutions). (Doc. 11). On December 11, 2020, Ortho Solutions filed a Notice of Removal contending that Plaintiff's claims arise under the federal patent laws, thereby establishing federal question jurisdiction. (Doc. 1). In his Motion to Remand, Plaintiff argues that Ortho Solutions' removal was untimely and that this case does not arise under federal patent law. (Doc. 25).[2]

## II.   DISCUSSION

### A.   Timely Notice of Removal

Plaintiff argues that Ortho Solutions' Notice of Removal was untimely. Under 28 U.S.C. § 1446(b)(1), a notice of removal "shall be filed within 30 days after receipt by the defendant,

---

[2] In a related case before this Court, Ortho Solutions seeks a declaratory judgment of patent inventorship. *Ortho Solutions, LC v. Ki Beom Kim*, No. 4:20-CV-1405-JAR (Doc. 1) (hereinafter *Ortho Declaratory Judgment Case*). A motion to consolidate the two cases is currently pending in the *Ortho Declaratory Judgment Case*, and Plaintiff here (and defendant there) concedes the cases should be consolidated if the instant Motion to Remand is denied. *Ortho Declaratory Judgment Case*, Doc. 18.

If the two cases were in fact consolidated, this Court could exercise jurisdiction over the combined case. *See Online Res. Corp. v. Joao Bock Transaction Sys., LLC*, 808 F.3d 739 (8th Cir. 2015); *In re Innotron Diagnostics*, 800 F.2d 1077 (Fed. Cir. 1986) (holding court had appellate jurisdiction over antitrust claim consolidated with patent infringement case). This Court believes it is appropriate to address a potential jurisdictional defect before the procedural question of consolidation, as this Court and others have done in similar circumstances. *See, e.g.*, *LaBarge Realty, LLC v. SanD Dev., LLC*, No. 4:18-CV-1904 JAR, 2019 WL 2057588, at *2 (E.D. Mo. May 9, 2019).

2

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." The 30-day removal period is not jurisdictional but is mandatory, and "a timely motion to remand for failure to observe the thirty-day limit will be granted." *McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F. Supp. 296, 299 (E.D. Mo. 1997); *see also Milburn v. Zurich Am. Ins. Co.*, 334 F.R.D. 190, 192 (E.D. Mo. 2020). Accordingly, if Ortho Solutions' Notice of Removal was untimely, this case must be remanded.

Plaintiff filed its state court petition against Dyna Flex, Ltd. on February 14, 2020. (Doc. 1-1). On October 7, 2020, Plaintiff filed a First Amended Petition adding Dyna Flex and Ortho Solutions as Defendants. (Doc. 11). Plaintiff admits the First Amended Petition was not served on Ortho Solutions until November 13, 2020. (Doc. 25 at 2 n.2). Ortho Solutions filed a Notice of Removal on December 11, 2020. (Doc. 1). Plaintiff argues that the removal clock began to run on Ortho Solutions on February 14, 2020, when Dyna Flex, Ltd. was served, because Ortho Solutions was the "real party defendant in interest." (Doc. 25 at 3). Courts have consistently held that the 30-day removal period for a real party defendant in interest begins as soon as the party is on notice of the plaintiff's mistake. *See HSBC Bank USA v. Mohanna*, No. 15-CV-02130-WHO, 2015 WL 4776236, at *4 (N.D. Cal. Aug. 13, 2015) (collecting cases). Ortho Solutions responds that the removal clock was not triggered until November 13, 2020, when it was served the First Amended Petition. (Doc. 30). The question before this Court is whether service on Dyna Flex, Ltd., an affiliate of Ortho Solutions with the same registered agent, caused the 30-day removal clock to run on Ortho Solutions pursuant to 28 U.S.C. § 1446(b)(1).

The difference between misnomer and misidentification is central to this question. "Substituting a party is appropriate to correct a misnomer, which is a 'misdescription or a mistake in some aspect of a party's name.'" *Groh v. JPMorgan Chase Bank, N.A.*, No. 14-CV-40-W-DGK,

2014 WL 1687696, at *2 (W.D. Mo. Apr. 29, 2014) (quoting *Johnson v. DelmarGardens W., Inc.*, 335 S.W.3d 83, 87 (Mo.App. 2011)).[3] In a misnomer situation, service on the original defendant is deemed proper and starts the clock on removal under 28 U.S.C. § 1446(b)(1). *Id.* (citing *Moon v. Tower Grove Bank & Trust Co.*, 658 S.W.2d 57, 59 (Mo.App. 1983)). Misidentification occurs when a plaintiff "made a mistake in selecting the proper party to sue," and must add and serve process on the new defendant. *Windscheffel v. Benoit*, 646 S.W.2d 354, 357 (Mo. banc 1983); *see also Guerrero v. Cox Operating, LLC*, No. 18-6679, 2018 WL 4484461, at *3 (E.D. La. Sept. 19, 2018). When a party must be added due to misidentification, the clock on removal does not run until the new party has been served.

Plaintiff argues that this case is one of misnomer like *Howell v. Forest Pharmaceuticals, Inc.*, No. 4:15-CV-1138 CEJ, 2015 WL 5561838 (E.D. Mo. Sept. 21, 2015). In *Howell*, the plaintiff initially filed suit in state court against Forest Laboratories, Inc, which no longer existed as an entity at the time of filing. The plaintiff then filed an amended petition substituting Forest Pharmaceuticals, LLC, the corporate successor to the original defendant. The court held that the later-served defendant's notice of removal was untimely because it was on notice of the litigation and had actual knowledge of the plaintiff's complaint. *Id.* at *3-4. It is unquestionable that Ortho Solutions had actual notice of Plaintiff's state court petition as early as September 30, 2020, since the petition is referenced in Ortho Solutions' complaint before this Court. *Ortho Declaratory Judgment Case*, Doc. 1 at ¶ 14.

In response, Ortho Solutions argues that *Howell* is distinguishable because Plaintiff added, as opposed to substituted, Ortho Solutions as a Defendant. This Court agrees. Dyna Flex, Ltd. is a

---

[3] The Court notes that Missouri procedural rules apply to issues regarding service of process. *See Sommervold v. Wal-Mart, Inc.*, 709 F.3d 1234, 1236 (8th Cir. 2013) (applying state law to determine adequacy of service of process in removal context).

4

separate legal entity which remains present in this case, and Plaintiff opposed its dismissal from the action in state court. (Doc. 1-10 at 71-72). This Court recognizes the general principle clearly outlined in *Groh* that "[w]hen a plaintiff adds an entirely new party to the action, it must serve process on that new party." *Groh*, 2014 WL 16876796, at *3 (citing *Elrod v. Lafayette Elevator Co.*, 379 S.W.2d 852, 855 (Mo.App. 1964)). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). While the distinction between addition and substitution of parties can seem trivial, it properly preserves the critical function of service of process by narrowing the "real party defendant in interest" exception.

Ortho Solutions had notice of Plaintiff's claims well more than 30 days before it filed the Notice of Removal. But the plain language of 28 U.S.C. § 1446(b)(1) and the Supreme Court's decision in *Murphy Bros., Inc.* make perfectly clear that formal service of process is a requirement to start the clock on removal. This case does not fit into the narrow exception for the "real party defendant interest" because Ortho Solutions was added as a Defendant rather than substituted for Dyna Flex, Ltd., which remained party to this case. Accordingly, the 30-day period for removal did not begin until Ortho Solutions was served Plaintiff's First Amended Petition on November 13, 2020, making removal to this Court on December 11, 2020 timely.

B. Subject Matter Jurisdiction

A defendant may only remove a state law claim to federal court if the action could have originally been filed in federal court. 28 U.S.C. § 1441; *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). After the defendant files a notice of removal, the plaintiff may move to remand the case to state court, and the case should be remanded if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of establishing

jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). This Court is required to "resolve all doubts about jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

District courts have original jurisdiction over "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). Ortho Solutions argues in its Notice of Removal that Plaintiff seeks correction of inventorship of a patent, which is governed by 35 U.S.C. § 256, thereby establishing this Court's jurisdiction. In response, Plaintiff contends that its well-pleaded complaint includes only state law claims and does not necessarily raise a substantial issue under the patent laws.

A case can arise under federal patent law in two ways. "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Alternatively, if federal law does not create the cause of action, there also exists a "special and small category" of cases in which federal jurisdiction exists over a state law claim because a question of federal law is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-314 (2005)). It is apparent and impliedly acknowledged by Defendants that federal law does not create Plaintiff's state law causes of action for fraud and unjust enrichment. Therefore, the operative question is whether patent law is a necessary and substantial element of either of Plaintiff's claims.

**Count I - Fraud**

In Count I of the First Amended Petition, Plaintiff alleges that Defendants made deliberate misrepresentations inducing Plaintiff to disclose the Invention and provide other support to Defendants in developing the product. Under Missouri law, the elements of fraud are (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation be acted upon by the other party; (6) the other party's ignorance of its falsity; (7); the other party's reliance on the representation being true; (8) the other party's right to rely on its truth; which (9) proximately caused injury. *Stander v. Szabados*, 407 S.W.3d 73, 81 (Mo.App. 2013).

The Supreme Court has expressly held that there is no federal jurisdiction under the patent laws where there exists "on the complaint's face [ ] an alternative, non-patent theory." *Christianson*, 486 U.S. at 813; *see also ClearPlay, Inc. v. Abecassis*, 602 F.3d 1364, 1367 (Fed. Cir. 2010) ("[I]f there is a theory of liability for each of the asserted claims for which it is not necessary to resolve an issue of federal patent law, the district court lacked jurisdiction under section 1338."). Plaintiff's fraud claim readily presents a non-patent theory. Under Missouri law, Plaintiff has alleged that Defendants made material misrepresentations inducing him to expend time, energy, and resources in furtherance of the Invention, causing Plaintiff to incur delayed income, expenses, and attorneys' fees. (Doc. 11 at ¶¶ 30-39). Plaintiff may succeed in his fraud claim even if he is never listed as inventor on the face of the Patents. Various courts have reached a similar conclusion when assessing jurisdiction over state law fraud claims. *See TransCardiac Therapeutics, Inc. v. Yoganathan*, 15 F. Supp. 3d 1364, 1371 (N.D. Ga. 2014) (holding plaintiff's fraud claim may be litigated without reaching issues of inventorship); *Altavion, Inc. v. Konica-*

*Minolta Sys. Lab., Inc.*, No. C 07-06358 MHP, 2008 WL 2020593, at *5 (N.D. Cal. May 8, 2008). Applying the *Gunn* test, patent law is not necessarily at issue as to Plaintiff's fraud claim.

### Count II – Unjust Enrichment[4]

Plaintiff's unjust enrichment claim presents a more difficult question, primarily because of the relief requested. In Count II of his First Amended Petition, Plaintiff alleges that Defendants were unjustly enriched by his conferral of the idea and tangible models for the Invention. (Doc. 11 at ¶¶ 41-43). To establish unjust enrichment under Missouri law, Plaintiff must prove that (1) he conferred a benefit on Defendants; (2) Defendants accepted the benefit; and (3) Defendants accepted and retained the benefit under inequitable and/or unjust circumstances. *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo.App. 2010) (citing *Hertz Corp. v. RAKS Hosp., Inc.*, 196 S.W.3d 536, 543 (Mo.App. 2006)). The question before this Court is whether Plaintiff's claim for unjust enrichment necessarily raises substantial legal issues under federal patent law.

This Court considers the following paragraphs in Plaintiff's First Amended Petition particularly probative of whether Plaintiff's unjust enrichment claim necessarily raises a substantial question of federal patent law.

> ¶ 2: Defendants induced Plaintiff to supply vital information and prototypes for an orthodontic invention conceived by Plaintiff and then excluded Plaintiff from the patent application, profits, and credit. Defendants successfully patented Plaintiff's invention and Plaintiff did not receive payment for his necessary contributions.
>
> ¶ 27: On or around March 13, 2018, without informing Plaintiff, Defendants filed Patent Application 15/932,550 which issues October 29, 2019 as [the '219 Patent]. Defendants directly misappropriated the Invention to Plaintiff's detriment, and concealed filing of the Application to facilitate intentionally excluding Plaintiff as an inventor.
>
> ¶ 43: It would be unjust for Defendants to retain the benefit associated with the conferral of Plaintiff's idea because Plaintiff developed the concept for the

---

[4] Because this Court has original jurisdiction over Plaintiff's unjust enrichment claim, it is appropriate to exercise supplemental jurisdiction over the fraud claim. 28 U.S.C. § 1367.

8

> Invention, disclosed it to Defendants with the reasonable expectation of receiving some form of compensation, and Defendants profited off the Invention while Plaintiff received nothing in exchange. In addition, because Defendants received a patent on Plaintiff's [I]nvention, Plaintiff is unable to practice the Invention that he developed.
>
> WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants for an amount in excess of $25,000.00 as proven at trial; for Plaintiff's costs and expenses; for punitive damages in an amount sufficient to deter like conduct in the future; for an order assigning ownership and control of the '219 Patent to Plaintiff, as well as ownership and control of any continuations or other patents or intellectual property based on the Invention; for an injunction ordering Defendants to cease production, use, and/or practice of Plaintiff's invention; and for such other and further relief as the Court deems just and proper. (Doc. 11).

Defendants argue that Plaintiff's claims necessarily raise an issue of inventorship under 35 U.S.C. § 256, especially given Plaintiff seeks an order granting him ownership of the '219 Patent.[5] Plaintiff contends that he "need only provide that the **product** implemented his ideas that he provided to the Defendant[s] in order to recover damages, not that he is an inventor on the Patent." (Doc. 25 at 7 (emphasis in original)).

In certain circumstances, courts have found that state law claims for unjust enrichment do not necessarily arise under patent law. *See Inspired Dev. Grp., LLC v. Inspired Prods. Grp., LLC*, 938 F.3d 1355 (Fed. Cir. 2019) (holding unjust enrichment claim under Florida law did not arise under patent law); *HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co., Ltd.*, 600 F.3d 1347, 1357 (Fed. Cir. 2010) (same under California law); *Thompson v. Microsoft Corp.*, 471 F.3d 1288 (Fed. Cir. 2006) (same under Michigan law). In assessing jurisdiction under the patent laws, however, this Court must direct "special attention [ ] to the relief requested." *Green Edge Enters., L.L.C. v. Int'l Mulch Co., Inc.*, No. 4:09-CV-120 DDN, 2009 WL 882090, at *3 (E.D. Mo. Mar. 30, 2009). While

---

[5] 35 U.S.C. § 256(a) states: "Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error."

9

Plaintiff attempts to frame the First Amended Petition as raising standard state law tort claims, he specifically seeks "an order assigning ownership and control of the '219 Patent to Plaintiff, as well as ownership and control of any continuations or other patents or intellectual property based on the Invention." (Doc. 11 at 9).

Courts have found that actions seeking ownership over a patent, when "fairly construed," may reveal that the plaintiff is seeking a judicial determination that he or she "is the true and sole inventor" of the product. *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1325 (Fed. Cir. 2009); *see also VariBlend Dual Dispensing Sys. LLC v. Crystal Int'l (Grp.) Inc.*, 18 Civ. 10758 (ER), 2019 WL 4805771 (S.D.N.Y. Sept. 30, 2019); *Trade Associates, Inc. v. Fusion Techs., Inc.*, No. 09-5804 RJB, 2010 WL 1734828, at *3 (W.D. Was. Apr. 28, 2010).[6] Such holdings frequently involve declaratory judgment actions where a plaintiff has improperly sought inventorship pursuant to state law. *See, e.g.*, *Larson*, 569 F.3d at 1326. In these cases, courts have consistently held that "the field of federal patent law preempts any state law that purports to define rights based on inventorship." *HIF Bio, Inc.*, 600 F.3d at 1353 (quoting *Univ. of Colo. Found. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1372 (Fed. Cir. 1999)); *see also Gonzalez-Hernandez v. Orbay*, No. 08-21782-CIV-KING, 2008 WL 11333594, at *2 (S.D. Fla. June 25, 2008) ("Thus, based on the initial pleadings, the parties apparently dispute whether Plaintiff was the sole inventor of the device.").

This Court believes the same principle applies here, where Plaintiff's First Amended Petition specifically alleges that Defendants "intentionally exclude[ed] Plaintiff as an inventor" on the '219 Patent. (Doc. 11 at ¶ 27). The thrust of Plaintiff's argument is that Defendants induced

---

[6] While this Court is not specifically relying on the "artful pleading" doctrine, it notes that courts will not permit the use of "artful pleading to close off defendant's right to a federal forum . . . [and] occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n.2 (1981) (citing Charles A. Wright & Arthur R. Miller, 14C *Federal Practice and Procedure* § 3722, at 564-66 (1976)).

him into providing critical ideas and models before wrongly excluding him as an inventor on the Patents. This is distinguishable from cases where courts have declined to find federal jurisdiction because of a dispute strictly concerning ownership, typically involving an underlying contract. *See, e.g.*, *Millepede Marketing Ltd. v. Harsley*, 928 F. Supp. 2d 109, 116 (D.D.C. Mar. 7, 2013) (citations omitted) ("Moreover, generally, claims regarding patent ownership are determined exclusively under state law, and are not governed by patent laws."). Given there is no underlying contract between the parties, it is implausible to interpret Plaintiff's requested relief of ownership of the '219 Patent as anything besides a claim of inventorship. *See HIF Bio, Inc.*, 600 F.3d at 1353 ("Therefore, the only plausible theory upon which relief could be granted to the plaintiffs would be one in which determining the true inventor(s) of competing patent applications is essential.").

The purpose of § 256 is to "reward the actual inventors of technological advances." *Stark v. Advanced Magnetics, Inc.*, 199 F.3d 1551, 1554 (Fed. Cir. 1997). Plaintiff is unquestionably arguing that he is the true inventor of the Invention and should have been included on the Patents. If Ortho Solutions is the true inventor and owner of the Patents, there is no reasonable claim that it has been unjustly enriched by continuing to sell products based on the Patents. *See Univ. of Colo. Found.*, 196 F.3d at 1372. Therefore, the First Amended Petition when fairly construed necessarily raises a substantial federal question regarding inventorship of the '219 Patent.[7]

### III.   CONCLUSION

While Plaintiff only asserts claims of fraud and unjust enrichment under Missouri law, he also implicates patent law by seeking ownership of the '219 Patent and clearly alleging that he was

---

[7] The parties do not address the substantiality requirement of the *Gunn* test. It is well-established, however, that "[i]ssues of inventorship . . . present sufficiently substantial questions of federal patent law to support jurisdiction." *Pappalardo v. Stevins*, 746 Fed. App'x 971, 974 (Fed. Cir. 2018) (quoting *Bd. of Regents, Univ. of Texas Sys. v. Nippon Tel. & Tel.*, 414 F.3d 1358, 1363 (Fed. Cir. 2005)).

11

wrongly excluded as an inventor. After careful consideration, this Court finds that it has subject matter jurisdiction because Plaintiff's unjust enrichment claim, fairly construed, necessarily raises the issue of inventorship under the patent laws. This Court also finds that removal was timely because Ortho Solutions filed its Notice of Removal within thirty days of being added as a party.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Ki Beom Kim's Motion to Remand (Doc. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Dyna Flex, Ltd.'s Motion to Dismiss (Doc. 17) is **GRANTED**. Dyna Flex, Ltd. is hereby **DISMISSED without prejudice**.

**IT IS FINALLY ORDERED** that Defendants' Motion to Strike (Doc. 19) is **GRANTED**. DynaFlex, the fictitious name for Ortho Solutions, is stricken as a Defendant because the parties agree it is not a separate legal entity.

Dated this 15th day of March, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE